**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS A. CRUZ, JR., <br><br> Petitioner, <br><br> v. <br><br> BRUCE DAVIS, et al., <br><br> Respondents. | Civil Action No. 19-13351 (KMW) <br><br> **OPINION** |

**WILLIAMS,** District Judge:

This matter comes before the Court on Respondents' motion to dismiss Petitioner's pending habeas petition as time barred. (ECF No. 20.) Petitioner filed a response to the motion (ECF No. 21), to which Respondents replied. (ECF No. 22.) Also before the Court is Petitioner's motion seeking to have this matter stayed once more. (ECF No. 19.) For the reasons set forth below, Respondents' motion shall be granted, Petitioner's habeas petition shall be dismissed as time barred, and Petitioner's motion shall be denied.

**I.  BACKGROUND**

On January 10, 2003, Petitioner was convicted of murder, robbery, and several related charges. (ECF No. 20-7.) Petitioner appealed, and the Appellate Division affirmed his conviction but remanded for resentencing in September 2008. (ECF No. 20-11.) The New Jersey Supreme Court denied certification later in 2008. (ECF No. 20-12.) While that appeal was pending, Petitioner filed an initial post-conviction relief petition (PCR). (ECF No. 20-9, 20-14, 20-15.) On June 10, 2008, however, the trial level PCR court dismissed that petition without prejudice as

Petitioner's case was still pending on direct appeal. (ECF No. 20-10.) Following the remand, Petitioner was resentenced on August 27, 2009. (ECF No. 20-13.) Petitioner did not appeal his resentencing.

Several years later, in March 2012, Petitioner began writing letters requesting that he be permitted to refile his PCR petition and proceed as his appellate proceedings were well and truly completed. (ECF No. 21 at 14.) Although Petitioner asserts that he may have filed letters regarding his desire to proceed with a PCR petition before that time, he has made no specific allegations to that effect, and the earliest letter he clearly identifies expressing his interest in pursuing a PCR proceeding is dated March 12, 2012, and was marked filed by the state PCR court in May 2012. (*Id.*) Petitioner ultimately filed his new PCR petition on August 15, 2012. (ECF No. 20-15.) Following briefing, that petition was denied in June 2018. (ECF No. 20-17.) Petitioner timely appealed, but the denial of his PCR petition was affirmed in part in November 2020, with certain claims being remanded back to the trial PCR court for further consideration. (ECF No. 20-18.) The New Jersey Supreme Court thereafter denied certification in 2021. (ECF No. 20-19.)

Petitioner filed his current habeas petition in late May 2019, while his PCR appeal was pending. (ECF No. 1.) He thereafter requested, and was granted a stay of his habeas petition by Judge Hillman in October 2019. (ECF No. 6.) In May 2021, Petitioner moved to have the stay lifted and requested to proceed on his habeas petition. (ECF Nos. 7-9.) In July 2021, Judge Hillman directed Respondents to respond to the petition, which they did in the form of their current motion. (ECF No. 10, 20.)

On November 23, 2021, Petitioner filed a request to have this matter stayed once more. (ECF No. 19.) That motion, however, is unaccompanied by a clear statement of the reasons Petitioner seeks a stay – in it he only states that, although he saw the order of the New Jersey

2

Supreme Court in April 2021, he did not previously see an order of the Appellate Division, and requests to have the matter stayed once more for that reason. (*Id.* at 5-6.) It is not clear what relevance the alleged Appellate Division order has to any of the claims presented in Petitioner's current habeas petition, and Petitioner does not state what steps remain to exhaust his current claims which require a stay. (*Id.*) This Court presumes that Petitioner intended to argue that the partial remand from the Appellate Division shows that certain of his claims are not yet exhausted, and that he therefore seeks to have this matter stayed until that remand is completed.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

Respondents argue that Petitioner's habeas petition should be dismissed as untimely filed. Pursuant to 28 U.S.C. § 2244(d)(1) "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." In most cases, including this one, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." § 2244(d)(1)(A). Here, Petitioner was resentenced on August 27, 2009. (ECF No. 20-13.) As he did not file an appeal from his resentencing, his conviction became final 45 days later when the time for an appeal expired on or about October 11, 2009. *See* N.J. Court R. 2:4-1. Absent some basis for the tolling of the one-year limitations period, Petitioner's time to file a habeas petition would have expired one year later on October 11, 2010.

Pursuant to 28 U.S.C. § 2244(d)(2), however, the habeas statute of limitations is subject to statutory tolling during the time while a valid, properly filed state post-conviction relief petition is pending. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Here, although Petitioner filed an initial PCR proceeding in 2008, that petition was dismissed without prejudice, and therefore ceased to be

4

pending, in June 2008. By Petitioner's own admission (*see* ECF No. 21), he did not refile his PCR petition until 2012, when he began sending letters to the state courts requesting to reinstate or refile his PCR petition, and he did not successfully refile his petition until August of 2012, nearly two years after his habeas limitations period had expired. As Petitioner's first PCR petition was dismissed in 2008 – before his conviction became final, and was not pending thereafter, it provides no basis for statutory tolling. While Petitioner's second PCR filing in 2012 *would* provide a basis for statutory tolling, it was filed entirely too late – the one year limitations period had expired nearly two years prior to its filing. *See, e.g., Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (PCR petition filed after habeas limitations period expired "ha[s] no effect on tolling" the expired limitations period).

Absent some basis for equitable tolling, then, Petitioner's habeas petition is time barred. *See, e.g., Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* "The diligence required for equitable tolling purposes is reasonable diligence." *Id.* at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

In this matter, Petitioner has presented no clear basis for equitable tolling, and at best shows that he attempted to refile his PCR petition earlier in 2012 than the State otherwise suggested. Even granting Petitioner the March 2012 date of the first – and only – letter he has clearly identified expressing his desire to refile his PCR petition after its dismissal, however, would do Petitioner no good – his habeas petition remains time barred by a year and a half even given that date. Having

5

examined Petitioner's response to the motion to dismiss, and Petitioner's habeas petition, this Court perceives no other basis for equitable tolling, and Petitioner's habeas petition therefore appears to be well and truly time barred.

That said, Petitioner does in various filings suggest that he believes himself to be "totally innocent" of the charged crime. Although a habeas petitioner's actual innocence can serve as a gateway to pierce the § 2255(f) statute of limitations, it is not enough that a habeas petitioner merely *assert* his innocence, he must actually show "that it is more likely than not that no reasonable juror would have convicted him." S*ee McQuiggan v. Perkins*, 569 U.S. 383, 391-99 (2013). Such a showing requires a presentation of new, credible evidence of his factual innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401. Petitioner makes no such showing in this matter. Although he suggests that the "innocence project is working on [unspecified] DNA evidence and a false confession [claim]," he provides no detailed facts, allegations, or even suppositions in support of the idea that he may be innocent. Likewise, the only claims in his habeas petition in which Petitioner asserts his actual innocence are nothing more than procedural legal challenges to the admission of the confessions he made to police and an informant who Petitioner believes was blackmailing him. (*See* ECF No. 1 at 20-23.) None of those claims include new, reliable evidence of Petitioner's innocence, nor do they show that he was factually innocent of the charged crime – at best they are a means for Petitioner to raise legal issues with the admission of his confessions. Petitioner has thus utterly failed to show his actual innocence, and his allegations of innocence serve as no basis for permitting him to evade the habeas limitations period. *Id.* As such, Petitioner's habeas petition is well and truly time barred, and is dismissed as such.

Turning to Petitioner's motion to have this matter stayed once more, this Court finds no basis for a stay in light of the dismissal of Petitioner's habeas petition as time barred. Pursuant to *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005), a district court may only grant a stay of an unexhausted or mixed habeas petition where the unexhausted claims are "potentially meritorious." Here, Petitioner's claims are all untimely filed, and thus can serve as no basis for habeas relief. As Petitioner's claims are therefore not "potentially meritorious" insomuch as they are untimely, Petitioner has not shown an entitlement to a new stay, and his motion seeking to have this matter stayed once more (ECF No. 19) is denied as such.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not dispute this Court's conclusion that Petitioner's habeas petition was untimely filed and that Petitioner has failed to show any basis for equitable tolling, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

## V.     CONCLUSION

In conclusion, Respondents' motion to dismiss (ECF No. 20) is **GRANTED**; Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred, Petitioner is **DENIED** a certificate of appealability, and Petitioner's motion seeking to have this matter stayed (ECF No. 19) is **DENIED**. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge