**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS A. CRUZ, JR.,<br><br>        Petitioner,<br><br>    v.<br><br>BRUCE DAVIS, et al.,<br><br>        Respondents. | Civil Action No. 19-13351 (KMW)<br><br>**OPINION** |

**WILLIAMS,** District Judge:

This matter comes before the Court on Petitioner's motion seeking reconsideration of this Court's order granting Respondents' motion to dismiss his habeas petition as untimely filed. (ECF No. 25.) Respondents responded to the motion (ECF No. 29), and Petitioner filed a reply to that response. (ECF No. 30.) For the following reasons, the motion is denied.

**I.      BACKGROUND**

This Court laid out the background of this matter as follows in the opinion on Respondents' motion to dismiss:

> On January 10, 2003, Petitioner was convicted of murder, robbery, and several related charges. (ECF No. 20-7.) Petitioner appealed, and the Appellate Division affirmed his conviction but remanded for resentencing in September 2008. (ECF No. 20-11.) The New Jersey Supreme Court denied certification later in 2008. (ECF No. 20-12.) While that appeal was pending, Petitioner filed an initial post-conviction relief petition (PCR). (ECF No. 20-9, 20-14, 20-15.) On June 10, 2008, however, the trial level PCR court dismissed that petition without prejudice as Petitioner's case was still pending on direct appeal. (ECF No. 20-10.) Following the remand, Petitioner was resentenced on August 27, 2009. (ECF No. 20-13.) Petitioner did not appeal his resentencing.

Several years later, in March 2012, Petitioner began writing letters requesting that he be permitted to refile his PCR petition and proceed as his appellate proceedings were well and truly completed. (ECF No. 21 at 14.) Although Petitioner asserts that he may have filed letters regarding his desire to proceed with a PCR petition before that time, he has made no specific allegations to that effect, and the earliest letter he clearly identifies expressing his interest in pursuing a PCR proceeding is dated March 12, 2012, and was marked filed by the state PCR court in May 2012. (*Id.*) Petitioner ultimately filed his new PCR petition on August 15, 2012. (ECF No. 20-15.) Following briefing, that petition was denied in June 2018. (ECF No. 20-17.) Petitioner timely appealed, but the denial of his PCR petition was affirmed in part in November 2020, with certain claims being remanded back to the trial PCR court for further consideration. (ECF No. 20-18.) The New Jersey Supreme Court thereafter denied certification in 2021. (ECF No. 20-19.)

Petitioner filed his current habeas petition in late May 2019, while his PCR appeal was pending. (ECF No. 1.)

. . . .

Pursuant to 28 U.S.C. § 2244(d)(1) "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." In most cases, including this one, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." § 2244(d)(1)(A). Here, Petitioner was resentenced on August 27, 2009. (ECF No. 20-13.) As he did not file an appeal from his resentencing, his conviction became final 45 days later when the time for an appeal expired on or about October 11, 2009. *See* N.J. Court R. 2:4-1. Absent some basis for the tolling of the one-year limitations period, Petitioner's time to file a habeas petition would have expired one year later on October 11, 2010.

Pursuant to 28 U.S.C. § 2244(d)(2), however, the habeas statute of limitations is subject to statutory tolling during the time while a valid, properly filed state post-conviction relief petition is pending. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Here, although Petitioner filed an initial PCR proceeding in 2008, that petition was dismissed without prejudice, and therefore ceased to be pending, in June 2008. By Petitioner's own admission (*see* ECF No. 21), he did not refile his PCR petition until 2012, when he began sending letters to the state courts

2

requesting to reinstate or refile his PCR petition, and he did not successfully refile his petition until August of 2012, nearly two years after his habeas limitations period had expired. As Petitioner's first PCR petition was dismissed in 2008 – before his conviction became final, and was not pending thereafter, it provides no basis for statutory tolling. While Petitioner's second PCR filing in 2012 *would* provide a basis for statutory tolling, it was filed entirely too late – the one year limitations period had expired nearly two years prior to its filing. *See, e.g., Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (PCR petition filed after habeas limitations period expired "ha[s] no effect on tolling" the expired limitations period).

Absent some basis for equitable tolling, then, Petitioner's habeas petition is time barred. *See, e.g., Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* "The diligence required for equitable tolling purposes is reasonable diligence." *Id.* at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

In this matter, Petitioner has presented no clear basis for equitable tolling, and at best shows that he attempted to refile his PCR petition earlier in 2012 than the State otherwise suggested. Even granting Petitioner the March 2012 date of the first – and only – letter he has clearly identified expressing his desire to refile his PCR petition after its dismissal, however, would do Petitioner no good – his habeas petition remains time barred by a year and a half even given that date. Having examined Petitioner's response to the motion to dismiss, and Petitioner's habeas petition, this Court perceives no other basis for equitable tolling, and Petitioner's habeas petition therefore appears to be well and truly time barred.

That said, Petitioner does in various filings suggest that he believes himself to be "totally innocent" of the charged crime. Although a habeas petitioner's actual innocence can serve as a gateway to pierce the § 2255(f) statute of limitations, it is not enough that a habeas petitioner merely *assert* his innocence, he must actually show "that it is more likely than not that no reasonable juror would have convicted him." *See McQuiggan v. Perkins*, 569 U.S. 383, 391-99 (2013). Such a showing requires a presentation of new, credible evidence of his factual innocence "so strong that a court

> cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401. Petitioner makes no such showing in this matter. Although he suggests that the "innocence project is working on [unspecified] DNA evidence and a false confession [claim]," he provides no detailed facts, allegations, or even suppositions in support of the idea that he may be innocent. Likewise, the only claims in his habeas petition in which Petitioner asserts his actual innocence are nothing more than procedural legal challenges to the admission of the confessions he made to police and an informant who Petitioner believes was blackmailing him. (*See* ECF No. 1 at 20-23.) None of those claims include new, reliable evidence of Petitioner's innocence, nor do they show that he was factually innocent of the charged crime – at best they are a means for Petitioner to raise legal issues with the admission of his confessions. Petitioner has thus utterly failed to show his actual innocence, and his allegations of innocence serve as no basis for permitting him to evade the habeas limitations period. *Id.* As such, Petitioner's habeas petition is well and truly time barred, and is dismissed as such.

(ECF No. 23 at 1-6.)

In his motion, Petitioner argues that the paralegal that helped him prepare his response to Respondents motion to dismiss provided incorrect information. Specifically, Petitioner suggests that he tried to file some form of PCR petition in June 2010, and that this should be treated as the date on which his PCR petition became "pending." (*See* ECF No. 25.) In support of this assertion, Petitioner provides two letters which Respondents assert they did not have copies of prior to Petitioner's filing. In the first letter, dated March 31, 2010, an attorney with the public defender's office explained to Petitioner that, if he wished to pursue a PCR petition with the aid of an appointed attorney, he would first have to fill out various forms and submit them to the county courthouse as a pro se PCR petition. (ECF No. 25-2 at 4.) The second letter, dated June 14, 2010, is also from the public defender's office, and is addressed to the criminal division manager of the Gloucester County Superior Court. (*See* ECF No. 25-2 at 2.) In that letter, the attorney states that they received some sort of PCR petition in Petitioner's case, and believe it should receive assigned

4

counsel and be permitted to proceed as a PCR petition. (*Id.*) The letter does not describe what was contained in this apparent PCR petition, if/when the document was filed with the county court, or from whom the public defender actually received the petition, though the most logical conclusion would be that they received the document either from Petitioner or the county court itself. (*Id.*) These letters thus suggest that Petitioner at least *tried* to file a PCR petition in or around June 2010.

In response, Respondents provide several other letters which were not originally available to them but were recovered in a search for more records from offices involved in Petitioner's state court proceedings. These letters, dated December 14, 2011; January 9, 2012[1]; and March 12, 2012, are all from Petitioner and are written to a Superior Court judge, a clerk in the county courthouse, and a member of courthouse staff. (*See* ECF No. 29-3, 29-4, and 29-5.) In the December 2011 and January 2012 letters, Petitioner requested the status of his 2008 PCR petition, seemingly unaware of its dismissal. (ECF No. 29-3 and 29-4.) In the remaining letter, Petitioner acknowledges this dismissal, and asks that he be permitted to file a new PCR as he believes there is not longer an issue with seeking PCR relief. (*See* ECF No. 29-5.) All three letters, however, fail to make any mention of a PCR being filed in 2010, and suggest that Petitioner did not know or believe that he had filed any PCR at that time. Respondents also once again provide state court records indicating that the state courts do not have any record of a pending PCR petition at any time between the dismissal of his first PCR petition in 2008 and the filing of the PCR petition in 2012. (ECF Nos. 29-1 and 29-2.)

---

[1] Petitioner dated the letter January 9, 2011, but the document is a direct response to a January 4, 2012 letter from the Court, presumably a response to the December 2011 letter, and was received in January 2012 by the state court, and it is thus clear that the letter was actually written in January 2012.

5

Petitioner also submitted a reply. (ECF No. 30.) In that reply, Petitioner states that, through an inmate paralegal, he contacted the state public defender's office, and was told that they would conduct a search of their records for more materials related to this issue, and requested that he be permitted a short period of time within which to search for these potential records. (*Id.*) In his certification, the inmate paralegal stated that it was expected that the search would take "a couple days" but would be conducted "relatively quickly." (ECF No. 30 at 5.) Since that reply was submitted, more than three months have passed, and Petitioner has not submitted any further information resulting from this requested search. It therefore does not appear that any further records are forthcoming.

## II.   LEGAL STANDARD

The scope of a motion for reconsideration of a final order brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)).

## III.   DISCUSSION

In this matter, Petitioner requests that this Court reconsider the dismissal of his habeas petition based on alleged newly discovered evidence – specifically the March and June 2010 letters he has provided. The Court notes that Petitioner suggests that he had these documents before he filed his response to the motion to dismiss in this matter, so it is unclear whether these letters are

6

actually newly discovered. Assuming, *arguendo*, that these letters could be construed as newly discovered evidence, however, they provide no basis for vacating the dismissal of Petitioner's habeas petition.

As this Court previously explained to Petitioner as quoted above, Petitioner's one-year limitations period began to run as of October 11, 2009, and absent some basis for tolling would have expired on October 11, 2010. While it is true that Petitioner would be entitled to statutory tolling if he could show that he had properly filed a PCR petition which was pending before the state courts prior to October 2010, *see Jenkins*, 705 F.3d at 85 n. 5, the letters he submits shows nothing of the sort. The two letters Petitioner provides indicate only that he asked the public defenders office how to proceed with a PCR petition, that they told him how to do so, and that the public defenders office thereafter received some kind of document which they believe could proceed as a PCR petition. It is not clear what this document was – i.e., whether it was simply a copy of Petitioner's original 2008 PCR petition which was previously dismissed, whether it was something Petitioner sent to them, or whether it was a PCR petition Petitioner attempted to file which was redirected to the public defender by court staff – or that this document was ever actually properly filed with the state courts. The letters thus do not establish that Petitioner had a properly filed PCR petition pending in the state courts prior to the expiration of his limitations period in October 2010, and thus do not provide an adequate basis for statutory tolling. Indeed, court records and the responses Petitioner apparently received from the letters submitted in 2011 and 2012 clearly show that *no* PCR petition was pending between the dismissal of the first PCR petition in 2008 and the filing of the second in August 2012, and it is thus clear that statutory tolling will not render Petitioner's PCR petition timely.

Equitable tolling provides Petitioner no better result. To be entitled to equitable tolling, Petitioner would have to show both that some extraordinary circumstances stood in his way of

7

filing his PCR petition in a more timely fashion, and that he was diligent in pursuing his rights. *Ross*, 712 F.3d at 798. Because his second PCR petition was filed in August 2012, for his current petition to be timely, Petitioner would need to show that he is entitled to twenty-two months of tolling. Even if the confusion surrounding the letters from the public defender's office in June 2010 could be considered an extraordinary circumstance sufficient to support tolling, the record of this matter does not indicate that Petitioner was sufficiently diligent in the ensuing months in pursuing his rights to warrant the nearly two years of tolling he would require.

The letters provided by the parties show that Petitioner filed an initial PCR proceeding in 2008, which was dismissed that same year as premature. His appeal process concluded and his conviction became final in October 2009. He thereafter took no action to file a new PCR petition until March 2010, when he apparently asked the public defender on advice on how to proceed. Some document was thereafter forwarded to the public defender in June 2010, which they apparently believed should be treated as a PCR petition. Whatever those documents were, it appears from the records that they were never actually filed with the state courts, and never became pending before them. Petitioner then apparently took no further action until December 2011, when he wrote a letter asking not about the June 2010 documents, but instead his previously dismissed 2008 PCR petition. When he received a response informing him that no PCR petition was pending, he did not attempt to file a new PCR petition, but instead wrote another letter in January 2011, and then did not seek to proceed with a new PCR petition until 2012. He did not ultimately file a new petition until August 2012.

This history shows that Petitioner was aware that he had no pending filing as of at least January 2011, and that he did not rectify this situation for seventeen months, instead filing periodic letters. These filings simply do not show that Petitioner was diligent in pursuing his rights for the twenty-two months required to warrant sufficient equitable tolling to make his current petition

timely. His letters were too sporadic, and show that Petitioner should have known the actions he needed to take to pursue a PCR petition – the filing of a new petition – and did not do so for approximately two years. In light of this lack of due diligence, this Court finds that Petitioner is not entitled to equitable tolling, and his habeas petition remains well and truly time barred. Petitioner's new filings thus do not provide a valid basis for reconsideration, and his motion (ECF No. 25) is denied.

## IV.  CONCLUSION

In conclusion, Petitioner's motion seeking reconsideration (ECF No. 25) is **DENIED**. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge